JAMES W. RANSOM, ADMINISTRATOR, ETC., v. JEROME
BARTLEY.

*Trial—Improper remarks of court in presence of jury—Evidence.*

1. The remarks of the court during the trial of the case, that "this
   is not a very pleasant affair; taking the thing altogether, it is a
   shocking affair, an unpleasant affair on both sides,"—while
   uncalled for and improper, in view of the charge explaining the
   same, are not found to have prejudiced the jury.

2. In a suit by an administrator against a father to recover the value
   of property claimed to belong to his son's estate, and to have
   been converted by the defendant, evidence of the relations exist-
   ing between the son and father, and between the father and
   mother and their daughter-in-law, is irrelevant to the issue.

3. Certain testimony, the reception of which is assigned as error, is
   held to have had some bearing upon the credibility of the defend-
   ant and of his wife as witnesses.

Error to Wexford.   (Fallass, J.)   Argued May 10, 1888.
Decided May 18, 1888.

Trover.   Defendant brings error.   Affirmed.   The facts
are stated in the opinion.

*M. L. Dunham* (*G. Chase Godwin* and *Allen C. Adsit*, of
counsel), for appellant.

*Pratt, Hatch & Davis*, for plaintiff.

CHAMPLIN, J.   Plaintiff recovered judgment below in an
action of trover, and the defendant brings the case to this
Court, and assigns error.   Seven relate to rulings of the
court upon the admission of testimony; four to the charge of
the court to the jury; and one to the language of the court
in saying, in the hearing of the jury, "This is a shocking
affair."   The record discloses that there was a great deal of

bitterness of feeling exhibited during the trial among the parties claiming the property in controversy.

The defendant is the father of the deceased whose estate the administrator represents; and the property which plaintiff is seeking to recover the value of in this action came to defendant's possession during the last illness of the deceased, or immediately after his death. The plaintiff claims defendant did not purchase the property, but simply took it without authority, and converted it to his own use. He demanded its possession from defendant, and he refused to deliver it up. On the trial, and here, defendant admits the right of the plaintiff to recover for part of the property, but claims that he purchased the balance thereof. The remark of the court alluded to in the assignment of error occurred during the cross-examination of defendant's wife as a witness in his behalf. What the court did say, was this:

"Now, this is not a very pleasant affair. Taking the thing altogether, it is a shocking affair,—an unpleasant affair on both sides."

The remark appears to have been spontaneous, but, nevertheless, uncalled for, and ought not to have been made. We are not prepared to say, however, that it prejudiced the defendant's case before the jury, more especially as the circuit judge charged the jury as follows:

"Before speaking of that, I might say, in order that the jury might not infer from any remark that I have made that I have any feeling either one way or the other in the matter, that this, as it seems to me at least, is a sad case, and might well be considered a shocking one, not so much in the controversy itself, because that is a perfectly legitimate one,— that a party upon the one side should ascertain his rights, and the party on the other side should ascertain what he claims to be his legal rights.

"The shocking aspect of the affair to me was the feeling of bitterness developed on both sides growing out of this legitimate controversy—a certain feeling of bitterness developing towards the close of the case between those who should

have been over this grave united in the most tender and affectionate associations—between the wife of this husband and the father of this son, on the one hand and on the other. And whatever I have said is applicable to both sides, of course. I think feeling is unavoidable in controversies of this kind, and may arise from honest difference of opinion; but that it is none the less sad, is also true."

The second, third, fourth, fifth, and sixth assignments of error relate to questions put to the witness Mrs. Dickson, who was the wife of the deceased at the time of his death. She was called to give rebutting testimony. While the relations existing between the deceased and his father, and between the father and mother and their daughter-in-law, were not relevant to the issue upon trial, yet both parties introduced testimony upon that subject when making out their case. As the case developed, the testimony had some bearing upon the probabilities of certain facts which were in issue; and, having in mind the latitude which both parties indulged in upon the introduction of testimony, we think the testimony offered in rebuttal upon the same line was admissible.

The defendant gave evidence tending to show that his relations with his son were friendly, and that he did not owe his son, but that his son was indebted to him; that he had bought the property in question of his son, and had paid him for it. On the contrary, plaintiff introduced testimony to show that such relations were not friendly in the spring preceding his son's death; that defendant owed his son for labor, who held his note at one time for $100; and it was made a question whether the defendant had paid the note, as he claimed to have done. The defendant had presented a claim against his son's estate for about $343, and which he had sworn was his due over and above all legal set-offs. It is sufficient to say that the testimony complained of had some bearing upon the credibility of defendant and his wife as witnesses.

Complaint is also made of certain parts of the instructions given by the court to the jury. We have scrutinized the charge of the court carefully, and do not think it is open to the objections stated.

A judgment of affirmance will be entered.

The other Justices concurred.